```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA        )
                                )  CRIMINAL NO. 04-10168-PBS
        v.                      )
                                )
ADAM ELLARD, ET AL.,            )
        Defendants              )
                                )

**Government's Motion To Exclude Time
Under The Speedy Trial Act**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro and David G. Tobin, Assistant U.S. Attorneys, hereby files this motion to exclude time under the Speedy Trial Act. As set forth more fully below, the periods of time listed below should be excluded under the Speedy Trial Act ("STA") from the time within which this case must be brought to trial, resulting in a total of 13 non-excludable days under the STA's 70-day clock.

The periods of time sought to be excluded under the STA are as follows:

   1.   5/27/04              Indictment returned;

   2.   6/21/04              Arraignment of all defendants;

   3.   6/22/04-7/19/04      Excluded pursuant to Local Rule
                             112.2;

   4.   8/2/04               Initial Status Conference as to all
                             defendants;

   5.   8/3/04-10/4/04       Excluded by agreement of counsel and
                             pursuant to ends of justice;

   6.   8/6/04-9/22/04       Defendant Tavon Robinson's motion for a

                      bill of particulars (motion filed on 8/6/04 – Docket Entry 27 – hearing conducted by MJ Bowler on 9/21/04 and motion denied on 9/22/04 – Docket Entry 38);

7.   8/30/04-10/27/04     Defendant Tavon Robinson's motion to suppress (motion filed on 8/30/04 – Docket Entries 29 and 30 – hearing conducted by DJ Saris on 10/5/04 and 10/27/04 and motion denied on 10/27/04);

8.   8/31/04-9/9/04 Defendant Norman Barnes's motion to reconsider detention order (motion filed on 8/31/04 – Docket Entries 31 and 32 – hearing conducted by MJ Bowler on 9/9/04 and motion denied on 9/9/04);

9.   10/5/04     Interim Status Conference as to all defendants;

10.   10/6/04-12/6/04     Excluded by agreement of counsel and pursuant to ends of justice (Docket Entry 42);

11.   10/12/04-11/8/04     Defendant Willie Hester's *pro se* motion to dismiss appointed counsel and to appoint counsel (motion filed on 10/12/04 – Docket Entry 47 – hearing conducted by MJ Bowler on 11/4/04 and resolved by Order dated 11/8/04);

12.   10/20/04-present     Defendant Norman Barnes's motion for review of detention order (motion filed on 10/20/04 – Docket Entries 49 and 50 – hearing conducted by DJ Saris on 11/1/04 and taken under advisement);

13.   10/20/04-present     Defendant Norman Barnes's motion

|   |   |   |
|---|---|---|
|   |   | for a speedy trial (motion filed on 10/20/04 – Docket Entry 48 – hearing conducted by DJ Saris on 11/1/04 and taken under advisement); |
| 14. | 11/18/04–present | Defendant Tavon Robinson's motion to approve expenses (motion filed on 11/18/04 – Docket Entry 61 – and is pending). |

The STA provides that a defendant must be tried within 70 days of the filing of the indictment or the defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1); United States v. Scott, 270 F.3d 30, 53 (1st Cir. 2001). These periods, however, encompass the exclusions of time set forth in the STA. 18 U.S.C. § 3161(h); Scott, 270 F.3d at 53-54. In this case, the STA's 70-day clock started running on June 22, 2004, the day after the defendants' arraignment before Chief Magistrate Judge Marianne B. Bowler.[1]

The STA excludes all "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" as well as a period of up to 30 days in which any motion is actually under advisement by the Court. 18 U.S.C. § 3161(h)(1)(F) and (J). Moreover, the time required to resolve a motion filed by one defendant is excludable as to all co-

---

[1] The date of a defendant's appearance in Court for an arraignment, conference, or motion hearing is excludable as a proceeding concerning the defendant. See United States v. Santiago-Becerril, 130 F.3d 11, 16 (1st Cir. 1997).

defendants.  18 U.S.C. § 3161(h)(7); Santiago-Becerril, 130 F.3d at 19(*citing* United States v. Torres Lopez, 851 F.2d 520, 526 (1st Cir. 1988)); United States v. Rush, 738 F.2d 497, 503 (1st Cir. 1984).

The term "pretrial motion" has been construed broadly to include "all manner of motions," including motions to schedule a status conference.  United States v. Barnes, 159 F.3d 4, 11 (1st Cir. 1998).  It also includes the government's motion to detain a defendant as well as a defendant's motion to reconsider or review a detention decision.  Santiago-Becerril, 130 F.3d at 16; United States v. Noone, 913 F.2d 20, 27 (1st Cir. 1990); United States v. Bellucci, 737 F. Supp. 706, 708-09 (D. Mass. 1990)(Tauro, J.).[2]  For any pretrial motion on which a hearing is held, the exclusion is automatic and ebcompasses "the entire period from the filing of the motion to the date of the hearing, regardless of when the hearing is scheduled, plus up to 30 additional days while the motion is 'under advisement.'" Barnes, 159 F.3d at 11. *See also* Henderson v. United States, 476 U.S. 321, 329-30 (1986); Scott, 270 F.3d at 55.  For any motion on which no hearing is held, the exclusion encompasses the time actually necessary to achieve a "prompt disposition" of the motion, "which ordinarily

---

[2]*See also* United States v. Schiavo, 94 F.3d 640, 1996 WL 490008 at \*\*6-7 (1st Cir. 1996)(unpublished decision)("We think that 'any pretrial motion' easily encompasses pretrial motions relating to pretrial release or detention, and have previously held as much.")(*citing* Noone).

4

cannot exceed the 30-day 'under advisement' period." <u>Barnes</u>, 159 F.3d at 11.

In this case, the above case law supports the automatic exclusion of the above periods attributable to the filing of pretrial motions. Except for the motion referred to in No. 14 above (which motion was filed approximately one week ago), all of the motions required hearings and were resolved within 30 days thereafter, or are still under advisement and less than 30 days has elapsed. Accordingly, the time attributable to the above motions is excludable.

Finally, the other periods referred to above (Nos. 3, 5, and 10) are excludable under the "ends of justice" exclusion set forth in 18 U.S.C. § 3161(h)(8). The continuances were granted at the request of defense counsel for the purpose of receiving and reviewing discovery in the case, filing substantive motions, and formulating strategy. Accordingly, such reasonable continuances are excludable since they were expressly requested by the defense and were granted to allow the defendants a meaningful opportunity to prepare a defense. *See* <u>United States v. Barnes</u>, 251 F.3d 251, 256-57 (1st Cir. 2001). *See also* <u>United States v. Pringle</u>, 751 F.2d 419, 433-34 (1st Cir. 1984)(recognizing that although a defendant cannot waive the right to a speedy trial, he or she cannot "lull [] the court and prosecution into a false sense of security only to turn around

later and use the waiver-induced leisurely pace of the case as grounds for dismissal.").[3]

For the foregoing reasons, therefore, the government respectfully requests that the Court exclude the above periods of time under the STA and that it determine that, as of the filing of this motion, there are 13 non-excludable days for purposes of the STA's 70-day clock.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/ Michael J. Pelgro
                              Michael J. Pelgro
                              David G. Tobin
                              Assistant U.S. Attorneys
```

DATED:    November 26, 2004.

---

[3] In his recently-filed motion for a speedy trial and in his pleadings relating to his effort to overturn Chief Magistrate Judge Bowler's detention order, defendant Norman Barnes suggests that the trial date set by the Court – January 3, 2005 – violates his rights under the STA. Based on the above analysis, however, this is clearly erroneous as only 13 non-excludable days have elapsed since his arraignment and there are only 37 days between today's date and the trial date. Moreover, the Pringle doctrine is clearly applicable here since counsel for Barnes was present before Chief Magistrate Judge Bowler on June 21, 2004 (arraignment) and August 2, 2004 (Initial Status Conference) and joined in the joint defense requests for additional time. Defendant Barnes did not assert any right under the STA until he filed his motion for a speedy trial on October 20, 2004.